UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:16-310 |
| | § | CIVIL NO. 2:18-371 |
| JOHN ANTHONY PEREZ, | § | |
|    Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant John Anthony Perez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 46. Pending before the Court is the United States' (the "Government") Motion to Dismiss (D.E. 51), to which Movant has responded (D.E. 54). For the reasons stated herein, the Government's motion is **GRANTED**, and Movant's § 2255 motion is **DENIED**.

## I. BACKGROUND

In 2016, an investigation into a stolen laptop computer uncovered that Defendant had been using said laptop to search and download child pornography, as well as to film himself engaging in sexual acts with his three minor daughters. Movant was indicted on three counts of sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 2. He pled guilty to all three counts without a plea agreement.

The Presentence Investigation Report (PSR, D.E. 21) calculated Movant's advisory Guideline sentencing range at life imprisonment.[1] However, the maximum sentence for sexual exploitation of a child is 30 years. The Court sentenced Movant to 250 months' imprisonment on each count, to run consecutively, plus 20 years' supervised release on each count, also to run consecutively. Movant was ordered to pay $450,000 in restitution to his victims, a special assessment of $100 as to each count, and an additional assessment of $5,000 as to each count, for a total assessment of $15,300.

Judgment was entered August 20, 2016. Movant filed an appeal, wherein he argued that the Court erred in imposing the three $5,000 special assessments because he was indigent. The Fifth Circuit dismissed the appeal on August 9, 2017. Movant's conviction became final on November 7, 2017, the last day on which he could have filed a petition for certiorari. He filed the present motion under § 2255 on October 16, 2018. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant's § 2255 motion raises a single ground for relief: Trial counsel was ineffective for failing to obtain a mental health evaluation of Movant, who is an Iraq War veteran who suffers from post-traumatic stress disorder (PTSD).

---

1. Movant's base offense level on each count was 32. Four levels were added because the offense involved a minor under the age of 12; two levels were added because the offense involved the commission of a sexual act; four levels were added because the offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence; two levels were added because Movant was the parent of each minor involved; two levels were added because Movant used a computer or interactive computer service to entice or solicit the participation of a minor in sexually explicit conduct; three levels were added based on the multiple count adjustment; and five levels were added because Movant engaged in a pattern of activity involving prohibited sexual conduct. After credit for acceptance of responsibility, Movant's total offense level was literally off the sentencing charts at 51.

## III. LEGAL STANDARDS

### A. 18 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting

3

effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter*, 131 F.3d at 463.

## IV. ANALYSIS

Movant complains that his trial counsel was constitutionally ineffective "where he failed to obtain a mental health evaluation of defendant, who is a veteran of the Iraq war, suffering from P.T.S.D." D.E. 46, p. 4. Under *Strickland*, a petitioner "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the [case]." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citing *Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985)); *see also United States. v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014).

Here, Movant admitted under oath to sexually abusing his three daughters over a period of years and to using a computer to film himself engaging in oral, vaginal, anal, and group sex with them. 5/31/2016 Rearraign. Tr., D.E. 38 at 33:15–37:23. The Court accepted Movant's guilty plea after being satisfied that he was competent to enter a plea,

4

there was a factual basis for the plea, he understood the consequences of entering a plea, and he was voluntarily and knowingly pleading guilty. *Id.* at 9:3-5, 38:31–39:2. Movant testified at sentencing that he was remorseful, and he accepted responsibility for his actions. 8/10/2016 Sent. Tr., D.E. 36 at 75:6-13, 76:15-19. The Court recognized that a Guideline sentence would be 30 years' imprisonment on each count but ultimately sentenced Movant to three consecutive 250-month terms. *Id.* at 78:10-11, 79:3-8. In reaching this decision, the Court weighed Movant's remorse, his acceptance of responsibility, and "those matters that he has done for the United States Marine Corp overseas in a combat zone" against the need that "Defendant be punished severely, not just because of his own behavior and what can occur to him as punishment, but to send a warning to other persons what will occur to them for this kind of behavior." *Id.* at 78:1-9, 79:12-16. The Court further recognized that "[t]he public needs protection and the children need protection." *Id.* at 79:16-17. Movant fails to explain how a mental health evaluation and/or PTSD diagnosis would have affected his conviction or sentence under these circumstances.

Moreover, "several courts have . . . conclude[ed] that counsel's failure to discover that a defendant suffered from PTSD was not ineffective assistance of counsel under *Strickland* when counsel . . . had investigated the defendant's history and had no reason to suspect the existence of PTSD." *Easley v. Dretke*, 122 F. App'x 124, 129 (5th Cir. 2005) (collecting cases). There is no evidence in the record indicating that Movant suffered from PTSD, that he informed counsel he suffered from PTSD, or that counsel should have suspected that he suffered from PTSD At rearraignment, Movant testified that he had never been treated or admitted to a hospital for a mental disease or disorder. Rearraign. Tr., D.E.

5

38 at 8:13-16. The PSR provided detailed information regarding Movant's characteristics, including his mental and emotional health. PSR ¶ 66-74. According to the PSR, Movant stated that he was evaluated at the Coastal Bend Detention Center upon his arrest (*Id.* ¶ 70); however, there is no information that Movant suffered from PTSD, as he now claims.

Despite this record, counsel did move the Court to have Movant evaluated by a psychologist after he became very agitated and emotionally distressed at sentencing. Sent. Tr. at 58:24–59:16. But Movant did not want to stop the hearing, and the Court denied counsel's request for a psychological evaluation, explaining:

> The Court is aware of the Defendant's emotional state during the proceedings in which we've had several incidents of hyperventilation and we have had EMS in the courtroom on several occasions, and it's obvious that it—even though the Defendant had requested that we continue, the Court could have stopped the proceeding and carried forward to another day. And it was suggested at sidebar by defense counsel that perhaps we should do that and even have the Defendant examined. The Defendant has expressed a continuation of a desire to go forward today. . . . I think the stress of what's occurred today has played a heavy role in this Defendant's emotional appearance. And I think also he's competent to proceed. He's been able to communicate with EMS, he's been able to communicate with counsel, he's been able to make sense to me, he's been able to focus on these issues and help his lawyers, so it's my discretion to go forward; and remembering, of course, that he said he would like to do so.

*Id.* at 76:20–77: 14.

In response to the Government's motion to dismiss, Movant acknowledges that his counsel did in fact attempt to obtain a mental health evaluation and instead argues that "the court's failure to properly address Movant's mental competency and fitness to meaningfully participate in the sentencing proceedings when those issues were manifest

6

on the record in the presence of the court suffices to show plain error warranting reversal." D.E. 54, p. 3. Movant did not raise this claim on appeal. *See Perez v. United States*, Case. No. 16-41201 (5th Cir. 2016). Where a defendant fails to raise a claim on direct review, "the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986); *Smith v. Murray*, 477 U.S. 527, 537 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)); *see also United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994). Here, Movant does not make any claim of actual innocence, nor has he demonstrated that this claim could not have been presented at an earlier time. Accordingly, this claim is procedurally defaulted. *See Segler*, 37 F.3d at 1134.

Finally, in response to the Government's motion to dismiss—filed nearly six months after his original § 2255 motion—Movant also claims for the first time that appellate counsel was constitutionally ineffective for failing to "properly address the issue of Movant's mental health and its effect on his culpability in committing the offense and his fitness to participate in his defense." D.E. 54, p. 3. This claim involves different factual and legal questions than Movant's original claim that trial counsel was ineffective for failing to obtain a mental health evaluation. It therefore does not relate back to Movant's original § 2255 motion and is time-barred under AEDPA. *See Mayle v. Felix*, 545 U.S. 644, 657–59 (2005).

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

8

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (D.E. 51) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 46) is **DENIED**. Movant is further **DENIED** a Certificate of Appealability.

ORDERED 5/24/19.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE